UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SETH M.,

                Plaintiff,

              -v-                                      1:24-CV-230 (AJB/ML)

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                                           **OF COUNSEL:**

OLINSKY LAW GROUP                      HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION    KATHRYN POLLACK, ESQ.
Office of the General Counsel                Special Assistant U.S. Attorney
Attorneys for Defendant
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On February 15, 2024, plaintiff Seth M.[1] ("plaintiff") filed this civil action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security

---

[1] On May 1, 2018, the Judicial Conference's Committee on Court Administration and Case Management issued a memorandum that encouraged courts to better protect the privacy of non-governmental parties in Social Security matters by using only the first name and last initial of the claimant in published opinions.

Income ("SSI") under the Social Security Act. Dkt. No. 1. Along with his complaint, plaintiff also moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

The matter was initially assigned to U.S. District Judge Mae A. D'Agostino, who referred the case to U.S. Magistrate Judge Miroslav Lovric for a Report & Recommendation ("R&R"). *See* Dkt. No. 4. Thereafter, Judge Lovric granted plaintiff's IFP Application, Dkt. No. 7, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 9, and the parties briefed the matter in accordance with General Order 18, which provides that an appeal taken from the Commissioner's denial of benefits will be treated as if the parties have cross-moved for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, Dkt. Nos. 10, 14, 15. The matter was later reassigned to this Court. Dkt. No. 16.

On January 30, 2025, Judge Lovric advised by R&R that: (1) plaintiff's motion be denied; (2) the Commissioner's motion be granted; (3) the Commissioner's final decision be affirmed; and (4) plaintiff's complaint be dismissed. Dkt. No. 17.

Plaintiff has lodged objections. Dkt. No. 18. There, plaintiff argues that the ALJ failed to adequately explain why he did not incorporate any mental limitations in the RFC (at step four) even though he identified "mild" limitations in all four domains of mental functioning when he applied the so-called "psychiatric review technique" (at step two). *Id*. In plaintiff's view, Judge Lovric misunderstood this argument from the initial brief: plaintiff "did not suggest that any specific limitation should have appeared, but rather that a finding of *no* limitation at all was not supported by substantial evidence without proper explanation." *Id*.

In opposition, the Commissioner argues that Judge Lovric fully understood this particular argument, evaluated it at length in the R&R, and correctly concluded that the ALJ's discussion of plaintiff's mental functioning provided an adequate basis for his RFC finding. Dkt. No. 19.

In particular, the Commissioner contends that Judge Lovric correctly determined that the ALJ's written opinion referred back to his "earlier detailed analysis" of plaintiff's "mental health treatment and unremarkable examination findings" when assessing whether any mental health limitations should be incorporated into plaintiff's RFC. *Id*. (citing R&R at 15–16).

Upon review of the briefing, plaintiff's objections must be overruled. First, a review of the R&R confirms that Judge Lovric carefully considered plaintiff's contention that the ALJ was obligated to provide a more complete explanation in the RFC discussion about why he declined to incorporate mental limitations. R&R at 15–17. Judge Lovric permissibly concluded that the ALJ's written decision, taken as a whole, provided an adequate explanation for his rationale vis-à-vis plaintiff's mental impairments. *Id*. at 17. Under those circumstances, it has long been the rule that a District Court should apply the "clear error" standard of review. *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015) (collecting cases). There is no clear error here.

Second, even if the Court were to apply the more rigorous standard of *de novo* review, this argument would not warrant relief, either. In his objections, plaintiff argues that there is "no categorical rule that absolves the ALJ from providing any explanation of why an RFC is devoid of mental limitations that are non-severe." Dkt. No. 18. But this mischaracterizes the full scope of the ALJ's written decision. As Judge Lovric explained, the ALJ's written decision included a thorough discussion of the longitudinal mental health evidence. R&R at 16. Likewise, as Judge Lovric also noted, this record included a consistent series of normal mental status examinations and findings of, at most, "mild" limitations. *Id*.

There is no rule or other standard that obligates an ALJ to assess *any* mental limitations in the RFC in the presence of "mild" impairments. *See, e.g.*, *Andrew P. v. Comm'r of Soc. Sec.*, 719 F. Supp. 3d 248, 254–55 (W.D.N.Y. 2024) (collecting cases). Although plaintiff insists

otherwise, the Court agrees that *Donna L. v. Commissioner*, 2024 WL 3738067 (N.D.N.Y. Aug. 9, 2024), a recent decision issued by U.S. District Judge Glenn T. Suddaby and cited in the R&R, provides the correct framework for explaining why this argument fails:

> To conclude that remand is required in every case where the ALJ fails to provide some specific discussion in the section analyzing the RFC finding of why he or she chose not to incorporate limitations based on non-severe mental impairments despite the fact that the ALJ has otherwise explained why the evidence does not support any such mental limitations (and where a review of the evidence itself does not reveal evidence that the ALJ ignored or misinterpreted) would be to elevate form over function. So long as the Court can glean the ALJ's rationale from his or her decision and such gleaned rationale is supported by substantial evidence, the ALJ's finding should not be disturbed merely because it could have been rendered in a clearer or more explicit manner.

*Donna L.*, 2024 WL 3738067, at *3. That is the case here. Accordingly, for the reasons set forth above, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 17) is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;

4. The Commissioner's final decision is AFFIRMED; and

5. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: March 5, 2025
      Utica, New York.

Anthony J. Brindisi
U.S. District Judge